# EXHIBIT 3

# Buchanan

**Erin J. McLaughlin**
412 392 2090
erin.mclaughlin@bipc.com

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-4413
T 412 562 8800
F 412 562 1041

December 15, 2025

**VIA EMAIL – [SCANTLEY@MHSYSTEM.ORG]**

Scott Cantley
President and CEO
Memorial Health System
401 Matthew St.
Marietta, OH  45750

Re: Dr. Jason Barton's Obligations to Charleston Area Medical Center, Inc.

Dear Mr. Cantley:

My firm represents Charleston Area Medical Center, Inc. ("CAMC"), which is the current employer of Dr. Jason Barton, D.O. To date, Dr. Barton continues to be employed and paid by CAMC.

CAMC has reason to believe that Dr. Barton is now **also** employed by Marietta Memorial Hospital ("Marietta") in violation of his common law and contractual obligations to CAMC. To the extent you are not already aware, Dr. Barton is a party to an Employment Agreement with CAMC dated March 26, 2024 (the "Agreement"). A copy of the Agreement is enclosed. Specifically, in Section 15 of the Agreement, Dr. Barton agreed that, during his employment with CAMC, he will "work exclusively for CAMC and will not, without CAMC's advance written consent, engage in any outside professional activities or otherwise compete with any of the lawful activities of CAMC." Dr. Barton also agreed in Section 16 of the Agreement he would "not work in any professional medical or administrative capacity within a thirty (30) road mile radius of the CAMC location to which [he is] primarily assigned . . . " for the one-year period after termination of his CAMC employment.  There is no dispute – Marietta is located within the 30-mile radius. Moreover, in Section 14, Dr. Barton agreed that he would not "solicit[], recruit[], engag[e], or employ[] any individual who was employed or engaged by CAMC or its affiliates in any capacity during the term of this Agreement."

While Dr. Barton tendered his resignation to CAMC on October 27, 2025, CAMC has continued to employ him during his 90-day notice period under the Agreement, including continuing to pay his salary and benefits. On November 4, 2025, CAMC sent Dr. Barton a termination letter reminding him of his obligations under the Agreement, including those related

December 15, 2025
Page - 2 -

to the non-competition and non-solicitation provisions contained therein. CAMC's November 4, 2025 letter to Dr. Barton also is enclosed.

    Despite Dr. Barton's contractual obligations and fiduciary duties to CAMC, it appears he is employed by both CAMC **and** Marietta. CAMC is aware of the following announcement of Dr. Barton's employment with Marietta, as well as multiple digital billboards that have been displaying Dr. Barton and his Marietta practice in high-traffic areas in the region:



    In sum, Dr. Barton remains employed and continues to receive a salary and benefits from his employer, CAMC, through January 25, 2026. During and for one year following the end of his 90-day notice period with CAMC (or until January 25, 2027), Dr. Barton is contractually obligated to refrain from working in a professional medical or administrative capacity within a 30-road-mile radius of his CAMC Parkersburg office, which is located at 1212 Garfield Ave, Parkersburg, WVA 26101. If Dr. Barton is also employed by Marietta, he is in violation of his obligations to CAMC. Moreover, Marietta's apparent employment of a current CAMC employee raises serious concerns regarding Marietta's intentions and overt interference with CAMC's contractual and common law rights.

    Please be advised that under West Virginia law, intentionally inducing or encouraging a breach of contract by a third party constitutes tortious interference, which is unlawful. CAMC has invested significant resources in recruiting, employing, and maintaining Dr. Barton's services as a physician, and it will vigorously protect its contractual rights and business interests against any unlawful interference.

    Accordingly, we demand that Marietta and/or Memorial Health System immediately:

December 15, 2025
Page - 3 -

1. Terminate any relationship with Dr. Barton;

2. Cease and desist from engaging in any further conduct aimed at inducing Dr. Barton to breach his common law and contractual obligations to CAMC;

3. Refrain from any efforts to persuade or influence other CAMC employees or staff members to leave CAMC employment and join Dr. Barton at Marietta;

4. Take all necessary actions to prevent ongoing or future inducements or encouragement of breaches of contractual obligations owed by Dr. Barton or other CAMC staff; and

5. Provide written confirmation on or before December 19, 2025 that Marietta has complied and will continue to comply with Steps 1 through 4.

Failure to comply with this demand on or before December 19, 2024 will leave CAMC with no choice but to pursue all available legal remedies to protect its contractual and common law rights including, but not limited to, seeking injunctive relief, damages, and attorneys' fees. Accordingly, Memorial Health System has an affirmative duty to preserve all information and devices that in any way relate to this matter as further described. Such preservation includes, without limitation, any devices and accounts that have been used and/or contain information related to the following: (1) Dr. Barton's recruitment by Marietta; (2) Marietta's knowledge of the Agreement and Dr. Barton's contractual obligations to CAMC; (3) Dr. Barton's employment with Marietta and/or any other entity within Memorial Health System; (4) the terms and conditions of Dr. Barton employment or engagement or engagement with Marietta and/or any other entity within Memorial Health System; (5) any CAMC property (whether or not created by Dr. Barton); (6) information obtained from, developed for, or belonging to CAMC; (7) Marietta and/or any other entity within Memorial Health System's recruitment of CAMC employees; (8) communications with Dr. Barton related to CAMC, including its Confidential Information; (9) any patient information Dr. Barton retained from CAMC; and (11) any steps to destroy documents related to this matter.  We will be seeking information from email accounts, social media accounts, dropboxes and personal devices and accounts, including phones, computers, iPads, etc. As a result, you should not delete, alter, modify, or destroy any information that may be related to potential litigation in this matter.

This letter is written without prejudice to CAMC's rights and claims, all of which are expressly reserved. We trust that Memorial Health System and Marietta will recognize the seriousness of this matter and will act accordingly to cease its unlawful conduct.

December 15, 2025
Page - 4 -

    If you have any questions about this matter, please do not hesitate to contact me.

                Sincerely,

                Erin J. McLaughlin

EJM


Enclosure